# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROSE PRITCHETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0370-WS-M |
| | ) |
| **FIGI'S INCORPORATED, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The complaint was filed June 24, 2009. (Doc. 1). Summons issued as to both defendants on July 10. (Docs. 3, 4). When, as of November 30, the file still failed to reflect proof of service, the Court ordered the plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 5). The plaintiff did not respond.

The plaintiff's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Because the plaintiff has offered no cause for her failure to perfect service, she has failed to show good cause. Therefore, the Court is not required to extend the time for service.

In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed, *Horenkamp*, 402 F.3d at 1132, although this is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey*, 476 F.3d at 1182.  As to the first two factors, there is no indication that the defendants are evading service or are concealing defects in service.  Instead, the implication is that the plaintiff has simply failed to pursue service.

As to the third factor, the complaint alleges a cause of action under the Fair Credit Reporting Act, as well as Alabama common law claims of negligence, recklessness, wantonness, harassment, invasion of privacy, defamation and misrepresentation.  (Doc. 1 at 8-12).  The statute of limitations for each of these claims is two years.  15 U.S.C. § 1681p; Ala. Code § 6-2-38(*l*).  Based on the allegations of the complaint, the objectionable conduct could not have begun earlier than April 28, 2008, and the complaint alleges that the conduct continued at least until June 2009.  (Doc. 1 at 2-3).  Accordingly, the statute of limitations could not have run as to these claims.

The complaint also alleges a cause of action under the Alabama Deceptive Trade Practices Act.  (Doc. 1 at 7-8).  The statute of limitations for such claims is one year from when the act or practice is or reasonably should have been discovered, ordinarily subject to a four-year cap.  Ala. Code § 8-19-14.  Because the complaint does not state when the plaintiff discovered or should have discovered the defendants' conduct, the Court cannot conclude that this claim would be barred by the statute of limitations.  Even if it were, it represents only one of seven claims the plaintiff asserts and does not provide sufficient basis not to dismiss this action.

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to 4(m).

DONE and ORDERED this 28th day of December, 2009.

                                                       s/ WILLIAM H. STEELE
                                                       UNITED STATES DISTRICT JUDGE